UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMEDSALEEM MUBARAK ALI and PARVEEN BANU MOHAMMED BABU,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAN FRANCISCO ASYLUM OFFICE and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE,<br><br>    Defendants. | No. 2:24-cv-0654 DJC AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiffs are proceeding in this action pro se. The action was accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21). This case was filed on February 28, 2024. The court granted plaintiffs' motion to proceed with IFP status and, on May 20, 2024, directed plaintiffs to submit service documents to the court within 15 days. ECF No. 3. Plaintiffs did not initially submit their service documents and on August 22, 2024, the undersigned issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. ECF No. 6. Plaintiffs responded (ECF No. 7) and submitted service documents (ECF No. 9, 11). However, on February 2, 2025, the summons to defendant USCIS was returned unexecuted by the Marshals Service. ECF No. 13. Nothing was filed regarding the San

Francisco Asylum Office.  On March 6, 2025, the undersigned issued an Order to Show Cause why service remained incomplete, explaining the requirements for proper service, and ordering plaintiffs to show cause why this case should not be dismissed for failure to prosecute. ECF No. 14.  Plaintiff Ali responded, indicating he intended to prosecute this case. ECF No. 16.  However, he did not fully comply with the Order to Show Cause, which directed plaintiffs to re-submit corrected service documents to the U.S. Marshals Service and file a notice with the court no later than March 14, 2025.

On March 18, 2025, the court gave plaintiffs one final opportunity to file corrected documents.  ECF No. 17 at 2.  The court emphasized that no further extensions of time would be given, and that the court had already provided plaintiffs the information necessary to complete the task.  Id.  The deadline to submit the documents was March 26, 2025.  Id.  Plaintiffs did not submit the service documents.  Accordingly, the undersigned recommends this case be dismissed for failure to prosecute.

In recommending this action be dismissed for failure to prosecute, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted).  Because this case cannot move forward without plaintiffs' participation and the proper service documents, the court finds the factors weigh in favor of dismissal.

Therefore, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for lack of prosecution and for failure to comply with the court's order.  See Fed. R. Civ. P. 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of  28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file

1  objections within the specified time may waive the right to appeal the District Court's order.
2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: March 31, 2025

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE